UNITED STATES DISTRICT COURT:
STATE OF NEW YORK: WESTERN DISTRICT OF NEW YORK
_____

DARRYL MINGO
                                       Plaintiff,
    vs.                                                 **COMPLAINT**

CITY OF BUFFALO
CITY OF BUFFALO POLICE OFFICER ERIC AUGUSTYN,
CITY OF BUFFALO POLICE OFFICER JOSEPH PETRONELLA,
CITY OF BUFFALO POLICE OFFICER PATRICK BAGGOT,
TRANSWESTERN INVESTMENT GROUP LLC, and GEORGE BAILEY

                                       Defendants,
_____

## JURY DEMAND

Trial by Jury on all issues is demanded

## PRELIMINARY INTRODUCTION

This is a combined state and federal action relating to the civil rights violations suffered by Plaintiff Darryl Mingo on July 19, 2018 at a local Tim Horton's restaurant, located at 424 Main Street, Buffalo, New York. The federal claims are brought under 42 U.S.C. §1985, §1983, and §1981 against City of Buffalo Defendants. The state common law claim of battery and assault is brought against Defendants Transwestern Investment Group LLC Security Guard George Bailey. The state common law claims for false imprisonment and malicious prosecution are brought against City of Buffalo and its' Defendants, and the state action for violation of Article 1 Section 12 of the New York State Constitution is brought against all Defendants.

# PARTIES

1. Plaintiff, Darryl Mingo, currently resides at 1766 Kenmore Avenue, Buffalo, New York, 14216, located within the County of Erie and the State of New York. At the time of the incident, Plaintiff resided at 320 Perry Street, Buffalo, New York 14206.

2. City of Buffalo B-District Police Officer ERIC AUGUSTYN is employed by the City of Buffalo and was acting in such capacity during the events which give rise to this lawsuit.

3. City of Buffalo B-District Police Officer JOSEPH PETRONELLA is employed by the City of Buffalo and was acting in such capacity during the events which give rise to this lawsuit.

4. City of Buffalo B-District Police Officer PATRICK BAGGOT is employed by the City of Buffalo and was acting in such capacity during the events which give rise to this lawsuit.

5. Upon information and belief, the CITY OF BUFFALO is a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York.

6. Upon information and belief, TRANSWESTERN INVESTMENT GROUP LLC. is a domestic corporation with headquarters located at 1900 West Loop South, Suite 1300, Houston, Texas 77027. TRANSWESTERN INVESTMENT GROUP LLC. employs Defendant George Bailey as a security Guard, with a local address of 424 Main Street, 11th Floor, Buffalo New York 14202, and he was acting is such capacity at the time of the incident giving rise to this lawsuit.

7. Defendant, George Bailey, current resides at 67 Delton Street, Tonawanda, NY 14150, located within the County of Erie and the State of New York, and upon information and belief, did so at the time of the incident.

## JURISDICTION

8. Plaintiff brings this action to recover damages for the violation of his civil rights under the Fourth Amendment of the United States Constitution, codified at 42 U.S.C. § 1985, 42 U.S.C. §1983, and 42 U.S.C. § 1981 and as bestowed upon the states and its citizens through the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Plaintiff also brings a State claim against the Defendants, which this Court would have pendant or supplemental jurisdiction over.

9. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1332 (federal question), § 1343 (civil rights), and § 1367 (supplemental jurisdiction).

10. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. § 2201 and § 2202.

11. Compensatory and Punitive damages are sought pursuant to 42 U.S.C. § 1983.

12. Costs and Attorney's fees may be awarded pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. Rule 54.

## VENUE

13. This action properly lies within the Western District of New York, pursuant to 28 U.S.C. § 1343(3), because the claims arose in this judicial district and the Defendants reside in and/or do business in Erie County.

**FACTUAL BACKGROUND**

14. On July 19, 2018 at roughly 8:20 A.M., Plaintiff was getting breakfast at his regular Tim Horton's Restaurant, located at 424 Main Street, Buffalo, New York. Plaintiff had purchased two sandwiches and a coffee. He was told it would take a moment to complete his order. As such, he stepped outside to wait. When Plaintiff returned, he walked to the front of the store to pick up his order. Defendant Bailey, for reasons unknown, took exception to Plaintiff's actions. Defendant Bailey evidently believed that Plaintiff had attempted to cut the line and, under such false belief, engaged Plaintiff.

15. Defendant Bailey repeatedly began telling Plaintiff to "get his ass out of here", even though Defendant Bailey was not an employee of Tim Horton's and had no authority to tell Plaintiff to leave.

16. Plaintiff continued attempting to retrieve his food when he was shoved by Defendant Bailey. Taking exception to this, Plaintiff told Defendant Bailey not to put his hands on him. When Plaintiff attempts to again retrieve his food, he is once again accosted by Defendant Bailey.

17. At this point, Defendant Bailey hooks Plaintiff's arm, places his finger in Plaintiff's ear, and then throws Plaintiff over a chair and onto the ground, causing Plaintiff serious injury to his right wrist. Defendant Bailey then tells Plaintiff that he "brought this upon himself."

18. Plaintiff then returned to his feet, and. Defendant Bailey once again initiated physical contact with Plaintiff by slapping Plaintiff in the face. It is at this point, after being assaulted and harassed by Defendant Bailey on several occasions, that Plaintiff ultimately

returns in kind, striking back at Defendant Bailey. Plaintiff and Defendant Bailey exchanged several punches at this point.

19. The Defendant Officers arrive on the scene. Even though Plaintiff was the victim of an assault, when the Defendant Officers arrived on the scene, Plaintiff was promptly arrested within seconds of the Defendant Officers entering the establishment. Meanwhile his assaulter, Defendant Bailey, was allowed to remain at liberty.

20. The Defendant Officers made no attempt to investigate who the actual aggressor in the conflict was and merely arrested Plaintiff within seconds of encountering the parties. Further, they eschewed the opportunity to watch video or interview witnesses who were offering exculpatory information on behalf of the Plaintiff.

21. Plaintiff was charged with three offenses: Assault in the third degree, in violation of Penal Law (PL) §120.00-1, Harassment in the second degree, in violation of PL §240.26-1, and unlawful Trespass, in violation of PL §140.05

22. Plaintiff was subsequently arraigned on these charges. Bail was set at $5000.00, and Plaintiff spent multiple days in jail as a result of this unlawful arrest, which was not based upon probable cause.

23. On August 29, 2018, the Court dismissed the Assault and Harassment charges against the Plaintiff, on the merits, leaving only a remaining Trespass violation.

24. Upon a CPL §30.30 motion by Plaintiff 's attorney, this final charge was ultimately dismissed against Plaintiff on October 11, 2018.

25. Plaintiff's arrest and his subsequent charges were the result of malfeasance and malice on the part of the Respondents. Plaintiff was arrested and charged without the necessary probable cause being present for any count.

26. As a result, Plaintiff was forced to defend himself against these frivolous charges, which lacked any merit, and he received favorable dispositions on any and all of these charges.

**First Cause of Action for the Common Law Tort of Battery Against Defendants George Bailey and TRANSWESTERN INVESTMENT GROUP LLC**

27. Plaintiff, Darryl Mingo, repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

28. A Plaintiff, to recover damages for battery founded on bodily contact, must prove that there was bodily contact, that the contact was offensive, and that the Defendant intended to make the contact. See, Laurie Marie M. v Jeffrey T. M.,159 AD2d 52, 55 (2d Dept. 1990).

29. In this instance, Plaintiff can easily establish the three elements of a battery, as this incident was captured on video and is attached hereto as Exhibit "A."

30. This battery on Plaintiff left him with physical injuries, including wrist pain and lower back pain. Plaintiff did go to Erie County Medical Center where x-rays were performed on his right wrist and lower back. Although there was no acute fracture, it was recommended Plaintiff continue to use an ace bandage for his pain. Plaintiff still suffers pain to his right wrist that hinders his daily activities.

31. Defendant Transwestern Investment Group LLC is liable for this cause of action under a theory of respondeat superior, as said Defendant employs Defendant Bailey.

**Second Cause of Action for the Common Law Tort of Assault Against Defendants George Bailey and TRANSWESTERN INVESTMENT GROUP LLC**

32. Plaintiff, Darryl Mingo, repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action

33. "To sustain a cause of action to recover damages for assault, there must be proof of physical conduct placing the plaintiff in imminent apprehension of harmful contact" <u>Cotter v Summit Sec. Servs., Inc.</u>, 14 AD.3d 475 (2005).

34. In the present matter, Defendant Bailey subjected Plaintiff to an assault when he aggressively approached Plaintiff repeatedly telling Plaintiff to "get his ass out of here".

35. This action was intentionally done to intimidate Plaintiff and did indeed put said Plaintiff in immediate apprehension of harmful contact. Such conduct equated to an assault that did not serve any legitimate purpose.

36. Defendant Transwestern Investment Group LLC is liable for this cause of action under a theory of respondeat superior, as said Defendant employs Defendant Bailey.

**Third Cause of Action for Violation of the Fourth Amendment as per 42 U.S.C. §1983 for False arrest and Imprisonment Against Defendants City of Buffalo Police Officer Augustyn, City of Buffalo Police Officer Petronella, and City of Buffalo Police Officer Baggot**, **in their Individual Capacities:**

37. Plaintiff, Darryl Mingo, repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

38. To maintain a claim for false arrest a plaintiff must establish: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement, and; (4) the confinement was not otherwise privileged. See <u>Bernard v. United States</u>, 25 F. 3d 98, 102 (2d Cir. 1994).

39. Plaintiff was falsely arrested by the above-referenced Defendant Officers on July 19, 2018.

40. Importantly, this arrest of Plaintiff was not privileged, as there was no probable cause to arrest Plaintiff that morning for the offenses of assault in the third degree, harassment in the second degree, and/or trespass.

41. The above named Defendant Officers arrived on the scene, and even though the Plaintiff was the victim of an assault, Plaintiff was promptly arrested while his assaulter was allowed to remain at liberty.

42. The Defendant Officers made no attempt to investigate who the actual aggressor in the conflict was and merely arrested Plaintiff within seconds of walking in the door. Further, they eschewed the opportunity to watch video or interview witnesses who were offering exculpatory information on behalf of the Plaintiff.

43. Plaintiff merely exercised reasonable force to defend himself against Defendant Bailey's battery upon him.

44. As the Defendants spoke to no-one, viewed no video, and in short, shied away from any and all forms of investigation and any and all evidence, they had no probable cause to arrest and confine Plaintiff.

45. Defendant Officers falsely imprisoned Plaintiff over the course of the next few days as Plaintiff languished in jail as a result of the Defendants arresting him and filing meritless criminal charges against him.

46. Plaintiff was conscious of his confinement and he at no time consented to his confinement. Defendants actions were intentional in nature and not privileged, as they were not borne from probable cause.

**Fourth Cause of Action for the State Claim of False Arrest and False Imprisonment Against Defendants City of Buffalo, City of Buffalo Police Officer Augustyn, City of**

**Buffalo Police Officer Petronella, and City of Buffalo Police Officer Baggot, in their Individual Capacities:**

47. Plaintiff, Darryl Mingo, repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

48. The elements for a state claim for illegal arrest and imprisonment are identical to those of a federal claim in the second circuit.

49. Given that Plaintiff fulfilled the notice requirements and was examined at a General Municipal Law (GML) §50-h hearing on December 20, 2018, he is pursuing a state claim as well as a federal claim against said Defendants.

**Fifth Cause of Action for Violation of the Fourth Amendment as per 42 U.S.C. §1983 for Malicious Prosecution Against Defendants City of Buffalo Police Officer Augustyn, City of Buffalo Police Officer Petronella, and City of Buffalo Police Officer Baggot, in their Individual Capacities:**

50. Plaintiff, Darryl Mingo, repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

51. To prevail on a § 1983 claim for malicious prosecution, a Plaintiff must plead (1) the initiation or continuation of a criminal proceeding; (2) termination of the proceeding in his favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for the Defendants' actions." Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir. 1997).

52. Plaintiff can show all of the above elements existed in relation to him being prosecuted for the offenses of Assault in the third degree, Harassment in the second degree and trespass.

53. On July 19, 2018, Defendant Officers arrested Plaintiff for and subsequently charged Plaintiff with the misdemeanor offense of Assault in the Third Degree, the violation offense of harassment in the second degree, and the violation offense of trespass.

54. The charges of Assault in the third degree and harassment would ultimately be dismissed due to the lack of probable cause to support the charges, and the charge of trespass was dismissed upon a CPL §30.30 motion by Plaintiff's attorney.

55. As detailed above, the Defendant Officers lacked probable cause to initiate the above-referenced proceedings and institute charges against the Plaintiff.

56. As the lack of probable cause to initiate these proceedings has been sufficiently pled, there is no need to independently plead malice. Malice can be inferred from the lack of probable cause. Cruz v. City of New York, No. 08 Civ. 8640 (LAP), 2010 WL 3020602, at *6 (S.D.N.Y. July 27, 2010); Bleiwas v. City of New York, No. 15 CIV. 10046 (ER), 2017 WL 3524679, at *6 (S.D.N.Y. Aug. 15, 2017). Certainly, given the nature of the Defendant Officers' actions, racial animus would appear to be the likely basis for their actions.

57. The Defendant Officer's actions deprived Plaintiff of his due process rights and his right to be free from unreasonable restraint upon his liberty under the Fourth and Fourteenth Amendments.

58. Plaintiff received favorable terminations on all criminal charges lodged against him based on the lack of merit to said charges.

59. The above-referenced misuse of authority and power by Defendants Officers was egregious and shocking to the conscience. As a result, the Plaintiff was caused and will continue to undergo and endure severe mental anguish, hardship, and distress

as result thereof.

**Sixth Cause of Action for the State Claim of Malicious Prosecution Against Defendants City of Buffalo, City of Buffalo Police Officer Augustyn, City of Buffalo Police Officer Petronella, and City of Buffalo Police Officer Baggot, in their Individual Capacities:**

60. Plaintiff, Darryl Mingo, repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

61. The elements for a state claim for malicious prosecution are identical to those of a federal claim in the second circuit. Lanning v. City of Glens Falls, No. 17-970 (2d Cir. 2018)

62. Given that Plaintiff fulfilled the notice requirements and was examined at a GML §50-h hearing on December 20, 2018, he is pursuing a state claim as well as a federal claim against said Defendants.

**Seventh Cause of Action for Violating 42 U.S.C. §1981 Against Defendants City of Buffalo Police Officer Augustyn, City of Buffalo Police Officer Petronella, and City of Buffalo Police Officer Baggot, in their Individual Capacities:**

63. Plaintiff, Darryl Mingo, repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

64. To establish a 42 USC §1981 claim, a Plaintiff must establish: (1) the Plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the Defendant; (3) the discrimination concerned one or more of the activities enumerated in the statute. See, Milan v. Donaldson, Lufkin & Jenrette, 7 F.3d 1085, 1087 (2d Cir. 1993).

65. "The Second Circuit has broadly construed §1981's equal benefit clause as applying to "racially motivated" torts that deprive a Plaintiff of the equal protection of laws or

proceedings for the security of persons and property." Jones v J.C. Penney's Dept. Stores, 2007 US Dist. LEXIS 104120, at *45 [WDNY Jan. 22, 2007, No. 03-CV-920A(F)] citing Phillip v. University of Rochester, 316 F.3d 291, 297-298 (2d Cir. 2003).

66. The Defendant Officers arrived on the scene, and even though the Plaintiff was the victim of an assault, and there was an abundance of evidence to establish such a proposition, the Defendant Officers promptly arrested Plaintiff upon arriving on scene while allowing his assaulter, Defendant Bailey, to remain at liberty.

67. Plaintiff was subjected to the tort of unlawful arrest and imprisonment when he was imprisoned and charged by the Defendant Officers. This unlawful arrest and imprisonment was motivated by the race of Plaintiff, as such imprisonment was the result of racial profiling on the part of the Defendants Officers.

68. The basis for the above conclusion is that, in the three seconds that Defendant Officers were in Tim Horton's the only fact that they could have gleaned was that the Plaintiff was black and the individual whom he was engaged in an altercation with, Defendant Bailey, was white.

**Eighth Cause of Action for Conspiracy to Deprive an Individual's Rights, in Violation of 42 U.S.C. §1985 Against Defendants City of Buffalo Police Officer Augustyn, City of Buffalo Police Officer Petronella, and City of Buffalo Police Officer Baggot, in their Individual Capacities:**

69. Plaintiff, Darryl Mingo, repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

70. In order to establish a violation of §1985, a Plaintiff must show that two or more individuals conspired to deprive him of a legal right.

71. Defendant Officers violated the provisions of 42 U.S.C. §1985 in that Defendant Officers conspired to deprive Plaintiff of his rights, privileges and/or immunities pursuant to the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution, by subjecting him to an unlawful arrest and imprisonment.

72. As a result of Defendants' conspiracy to violate Plaintiff's constitutional and civil rights, Plaintiff suffered psychological distress, trauma, nervousness, anxiety, embarrassment and humiliation.

### Ninth Cause of Action for the Intentional Infliction of Emotional Distress against all Defendants

73. Plaintiff, Darryl Mingo, incorporates by reference all of the allegations set forth herein in this Complaint as if fully set forth herein.

74. The above-referenced conduct by all actors, in its totality, was unjust, extreme, and outrageous. As a result of such conduct, Plaintiff has suffered severe emotional distress in the form of sleeplessness, loss of appetite, anxiety, and depression. He remains fearful to go to public places as a result of this incident.

### Punitive Damages against Defendants City of Buffalo Police Officer Augustyn, City of Buffalo Police Officer Petronella, and City of Buffalo Police Officer Baggot, in their Individual Capacities:

75. Plaintiff, Darryl Mingo, incorporates by reference all of the allegations set forth herein in this Complaint as if fully set forth herein.

76. Defendant Officers, in their individual capacities, were deliberately indifferent to Plaintiff's Constitutional rights as a result of their unconscionable and unjustified arrest of said Plaintiff, who was doing nothing more than getting his morning coffee and breakfast prior to being battered by Defendant Bailey and then arrested by the Defendant Officers.

77. Punitive damages are justified against the above-stated Defendants for their deliberate indifference, malice, and racial animus directed towards the Plaintiff herein.

WHEREFORE, the Plaintiff demands judgment on the above counts against the Defendants, their units, their officers, employees, against and other persons acting in concert or participation with them as stated above, and award the following amounts:

A. Compensatory damages in favor of the Plaintiffs in an amount to be determined by a jury;

B. Exemplary damages in favor of the Plaintiff;

C. Costs of this action, including reasonable attorney fees to the Plaintiff Pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, U.S.C. 1988 (1976); and

D. Such other relief as the court may deem appropriate.

DATED:   Buffalo, New York
         February 18, 2019

THE LAW OFFICES OF MATTHEW ALBERT ESQ.

By:/s/ Matthew Albert
MATTHEW ALBERT, ESQ.
Attorney for Plaintiff
Office and P.O. Address
388 Evans St. First Floor
Williamsville, NY 14221.
(716) 445-4119